UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BURRELL, | ) | CASE NO. 4:23-cv-2045 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| COUNTY OF MAHONING, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

## I. Introduction

*Pro se* plaintiff George Burrell, an inmate in the Mahoning County Justice Center ("MCJC" or "Jail"), has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983, naming Mahoning County, Mahoning County Commissioners "Jane and John Does," Mahoning County Sheriff Greene, MCJC's "operators and policy makers," the MCJC Warden, and Captains Kountz and Cappabianea as defendants. (Doc. Nos. 1, 1-1.)

The Complaint pertains to the Jail's conditions. Plaintiff states that when he was booked into the Jail in August 2023, he was made aware of a case (*Roberts v. Cnty. of Mahoning*, 495 F. Supp. 2d 670 (N.D. Ohio 2005)), which he contends required the Jail to remove double bunks and remain an open dorm. (Doc. No. 1-2 at PageID 13.) He complains the Jail is overcrowded because of "greed and profit" and states that it is cruel and unusual punishment to be locked in a cell for more than eight hours a day. (*Id.*) He also complains that prisoners are given a "very bland" diet that fails to include fruit (except for one tablespoon of applesauce per week), fish, and tuna. (*Id*. at PageID 13-14.)

Contending these conditions constitute cruel and unusual punishment, he seeks $2 million in relief.

## II. Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Ong v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf" or create claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts, moreover, are expressly required under 28 U.S.C. § 1915(e) to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To avoid dismissal under Section 1915(e) for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under Section 1915(e)).

## III. Discussion

Upon review, the Court finds that the Complaint must be dismissed for failure to state a plausible constitutional claim.

First, the claims against the individual defendants are subject to dismissal because Plaintiff fails to allege how each individual was personally involved in the Jail's conditions. It is well established that a plaintiff cannot establish individual liability under Section 1983 absent

2

allegations demonstrating that the individual was personally involved in the activities that form the basis of his claims. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Merely having supervisory authority in an institution is insufficient to establish liability under Section 1983. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Accordingly, where, as here, a plaintiff merely lists the names of supervisory and non-supervisory prison personnel in the caption of his complaint but fails to allege facts establishing each individual's personal involvement, his complaint is subject to summary dismissal even under the lenient standard accorded *pro se* pleadings. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of a complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Second, Plaintiff fails to allege a plausible claim against Mahoning County. County governments may be liable under Section 1983 "only when a county 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and purported [rights violation].' *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010). To make out a claim, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018)). Plaintiff has not alleged a policy or custom of Mahoning County in his complaint – much less one connected to conditions in the Jail

that caused a violation of his constitutional rights.

Plaintiff's allegations regarding the Jail's conditions do not establish cruel and unusual punishment under the Eighth Amendment. It is well-established that "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only extreme deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotations and citations omitted).

Plaintiff has not alleged that Defendants are denying him "the minimal civilized measure of life's necessities." *Id.* As an initial matter, prison overcrowding, standing alone, does not violate the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation"). To demonstrate that overcrowding amounts to a constitutional violation, a plaintiff must show that such conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities or that they created other conditions "intolerable for prison confinement." *Rhodes*, 452 U.S at 348. Similarly, the Supreme Court has held that the double-celling or double-bunking of detainees in cells originally designed for one person for several months does not violate the Constitution. *Bell v. Wolfish*, 441 U.S. 541-43 (1979). Plaintiff's general allegations of overcrowding and double-bunking fail to state a viable Eight Amendment claim.

The Complaint contains no plausible claim concerning the food Plaintiff was provided. "Prisoners have a constitutional right to meals that meet their nutritional needs[,] . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]"

*Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015). Nor does the Constitution require that jail food be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). A prison diet does not violate the Constitution when it satisfies an inmate's basic nutritional needs, and Plaintiff has not alleged facts supporting a plausible inference that the food he is provided, even if personally unsatisfying, fails to meet nutritional standards. *See Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. Aug. 8, 2001).

Third, Plaintiff fails to state a plausible claim to the extent he purports to assert a violation of or noncompliance with *Roberts*. The consent judgment entered in *Roberts* expired in May 2010. *Miller v. Mahoning Cnty. Jail*, Case No. 4:12-cv-2751, 2013 WL 3287180, at *2 (N.D. Ohio Nov. 5, 2012). Thus, it was neither in effect during Plaintiff's incarceration in the Jail nor at the time he filed this lawsuit in 2023. (Doc. No. 1-2 at PageID 13 (Plaintiff stating he was detained at the Jail "beginning on August 11, 2023").) *Roberts* does not provide plaintiff a basis for relief in this case. *See Miller*, 2013 WL 3287180, at *2 (dismissing, under Section 1915(e), a lawsuit filed by a prisoner alleging his constitutional rights were violated based on *Roberts* where he was incarcerated at the Jail after the consent judgment in *Roberts* expired).

## IV. Conclusion

For all the foregoing reasons, Plaintiff's complaint fails to state a plausible conditions-of-confinement claim upon which he may be granted relief under Section 1983 and is dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: February 28, 2024